# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHN W. COLVIN                                    CIVIL ACTION

VERSUS                                            NO. 14-669

ROBERT C. TANNER                                  SECTION "G"(4)

## ORDER AND REASONS

Before the Court are Petitioner John W. Colvin's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his sentence was excessive, constituting "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice.[4] Petitioner objects to the Magistrate's recommendation.[5] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the petition with prejudice.

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 15.

[3] Rec. Doc. 7.

[4] Rec. Doc. 15.

[5] Rec. Doc. 18.

# I. Background

## A.    *Factual Background*

On June 24, 2009, Petitioner was charged by indictment in Orleans Parish Criminal District Court with six counts of felony theft over five hundred dollars in violation of Louisiana Revised Statute Section 14:67.[6] "The victims were individuals whose homes were destroyed during Hurricane Katrina. [Petitioner] accepted payments from each of the six victims in amounts varying from $40,000 to $65,000, for a total of $247,000.00. In each case, after accepting payments from the victims, [Petitioner] failed to build modular homes as promised."[7] On November 9, 2009, Petitioner pleaded guilty to all six counts of felony theft.[8] On February 12, 2010, Judge Darryl A. Derbigny sentenced Petitioner to 10 years in prison at hard labor as to each count to be served consecutively.[9]

On April 20, 2011, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction but vacated the sentence imposed, finding that the sentence was excessive and not tailored to Petitioner or his crimes.[10] "Considering the mitigating evidence presented to the trial court, the age of [Petitioner], [Petitioner's] attempt to mitigate the loss to one of the victims before his arrest, and the fact that [Petitioner] is non-violent and has no criminal record," the Louisiana Fourth Circuit found that the sentence was excessive under Louisiana law and that the trial court abused its discretion in ordering that the six ten-year sentences be served consecutively.[11]

---

[6] State Rec., Vol. I of V, Indictment, June 24, 2009.

[7] *State v. Colvin*, 2010-KA-1092 (La. App. 4 Cir. 4/20/11); 65 So. 3d 669, 671.

[8] State Rec., Vol. I of V, Plea Minutes, November 9, 2009.

[9] State Rec., Vol. I of V, Sentencing Minutes, Feb. 12, 2010.

[10] *State v. Colvin*, 2010-KA-1092 (La. App. 4 Cir. 4/20/11); 65 So. 3d 669.

[11] *Id.* at 679.

However, the court opined that a ten-year sentence would not be sufficient, "considering the extreme economic and emotional harm suffered by the victims in this case."[12] Accordingly, the Louisiana Fourth Circuit remanded the case to the trial court for resentencing.[13]

The State sought review of this ruling in the Louisiana Supreme Court on May 19, 2011.[14] On March 13, 2012, the Louisiana Supreme Court reversed the Louisiana Fourth Circuit and reinstated the original sentence finding no abuse of discretion by the trial court.[15] The Louisiana Supreme Court reasoned that the trial court "justified its decision to consider [Petitioner] an exceptional risk to public safety for whom consecutive sentences are appropriate because he had preyed systematically on distressed homeowners attempting to rebuild their lives in the aftermath of Hurricane Katrina."[16] The Louisiana Supreme Court also noted that at the time of sentencing, five additional theft charges were pending against Petitioner in Jefferson Parish.[17] Accordingly, the Louisiana Supreme Court found no abuse of the trial court's "broad sentencing discretion."[18]

Petitioner's conviction became final on October 1, 2012, when his application for issuance of a writ of certiorari was denied by the United States Supreme Court.[19] On February 28, 2013,

---

[12] *Id.*

[13] *Id.*

[14] State Rec., Vol. V of V, State's Writ Application, May 19, 2011.

[15] *State v. Colvin*, 2011-K-1040 (La. 3/13/12); 85 So. 3d 663.

[16] *Id.* at 668.

[17] *Id.* at 669.

[18] *Id.*

[19] *Colvin v. Louisiana*, 133 S.Ct. 274 (2012). *See Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007).

Petitioner filed an application for post-conviction relief with the state trial court,[20] which was denied on September 9, 2013.[21] Petitioner did not seek review of this ruling.

Petitioner filed this federal habeas petition though counsel on March 24, 2014,[22] and he filed an amended petition on March 28, 2014.[23] Petitioner argues that his sentence amounts to cruel and unusual punishment under the Eighth and Fourteenth Amendments.[24] The State filed a response, arguing that Petitioner failed to establish that the Louisiana Supreme Court's ruling on the propriety of his sentence was contrary to or an unreasonable application of clearly established federal law.[25]

**B.**      ***Report and Recommendation Findings***

The Magistrate Judge recommended that the petition be dismissed with prejudice.[26] The Magistrate Judge noted that in the last reasoned opinion on the issue of Petitioner's sentence, the Louisiana Supreme Court, relying on state sentencing laws, resolved that the trial court had considered all relevant factors surrounding the offenses, including the mitigating evidence, and determined that the sentence imposed was warranted, considering Petitioner's systematic scheme to prey on hurricane victims and his less than sincere attempt to accept responsibility.[27] The Magistrate found that under federal habeas review, an excessive sentence claim presents a question

---

[20] State Rec., Vol. I of V, Application for Post-Conviction Relief, Feb. 28, 2013.

[21] State Rec., Vol. I of V, Order Denying Application for Post-Conviction Relief, Sept. 9, 2013.

[22] Rec. Doc. 1.

[23] Rec. Doc. 7.

[24] *Id.*

[25] Rec. Doc. 14.

[26] Rec. Doc. 15.

[27] *Id.* at 10.

of law.[28] Accordingly, the Magistrate Judge noted that this Court must determine whether the denial of relief was contrary to, or an unreasonable application of Supreme Court law.[29]

The Magistrate Judge found that "[t]o the extent [Petitioner] challenges the state courts' compliance with Louisiana's sentencing laws and the Louisiana Constitution, his claim is not the concern of federal habeas review."[30] The Magistrate noted that federal courts afford broad discretion to a state trial court's sentencing decision that falls within the state's statutory limits.[31] Because the sentence imposed upon Petitioner was within those state statutory limits, the Magistrate determined that the sentence was not excessive.[32]

The Magistrate Judge noted that the Constitution prohibits cruel and unusual punishments through the imposition of inherently barbaric punishments under all circumstances.[33] The Magistrate stated that the threshold inquiry is whether the sentence imposed is grossly disproportionate to the crime.[34] The Magistrate found that the sentence imposed was not grossly disproportionate to the crime, as Petitioner was sentenced within the statutory range to the maximum term of 10 years imprisonment as to each count.[35]

---

[28] *Id.* (citing *Davis v. Cain*, 44 F. Supp. 2d 792, 798 (E.D. La. 1999); *Jones v. Kaylo*, No. 99-0567, 1999 WL 544680, at *1 (E.D. La. Jul. 26, 1999) (Berrigan, J); *Copeland v. Tanner*, No. 12-2801, 2013 WL 3776344, at * 12 (E.D. La. Jul. 15, 2013) (Milazzo, J.) (order adopting report and recommendation); *Chatman v. Miller*, No. 05-1481, 2005 WL 3588637, at *5 (E.D. La. Nov. 9, 2005) (McNamara, J.) (order adopting report and recommendation)).

[29] *Id.*

[30] *Id.* at 11 (citing *Butler v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009)).

[31] *Id.* (citing *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437, No. 99-30041, 1999 WL 1067559, at *3 (5th Cir. Oct. 15, 1999)).

[32] *Id.*

[33] *Id.* (citing *Graham v. Florida*, 560 U.S. 48, 58–59 (2010).

[34] *Id.* at 11–12 (citing *United States v. Gonzalez*, 121 F.3d 928 (5th Cir. 1997)).

[35] *Id.* at 12 (citing La. Rev. Stat. Ann. § 14:67(B)(1) (West 2007-10)).

The Magistrate noted that the state trial court found that that the predatory nature of Petitioner's actions, the extensive monetary and other tangible losses to the victims, and his lack of true remorse demonstrated the severity of the offenses.[36] The Magistrate also noted that the combined losses ran over $240,000.00, including government funds obtained through the Road Home Program, and it was appropriate for the state trial court to consider the aggregate loss under Louisiana law.[37] Accordingly, the Magistrate Judge determined that the record supported the state courts' findings that the sentence imposed was warranted by the gravity of the offenses.[38]

The Magistrate found that Petitioner had not established the disproportionality between the sentence and the offenses as required to trigger further scrutiny by the habeas court.[39] Nevertheless, the Magistrate Judge noted that Louisiana courts have imposed the maximum 10 year sentence under arguably similar circumstances.[40] Accordingly, because Petitioner had not demonstrated that his sentence was disproportionate to his offense, excessive, or otherwise unconstitutional under the circumstances, the Magistrate determined that the state courts' denial of relief on this issue was not contrary to or an unreasonable application of Supreme Court law.[41]

---

[36] *Id.*

[37] *Id.* (citing La. Rev. Stat. Ann. § 14:67 (West 2007-10)).

[38] *Id.*

[39] *Id.*

[40] *Id.* at 13 (citing *State v. Wilson*, 99 So. 3d 1067 (La. App. 4 Cir. 2012); *State v. Daigle*, 688 So. 2d 158 (La. App. 5 Cir. 1997)).

[41] *Id.*

## II. Objections

### A.    *Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[42] He asserts that he was sentenced to 60 years imprisonment on his first offense theft charge.[43] Petitioner notes that he is 63 years old and the father of two small children.[44] According to Petitioner, this case is distinguishable from the Louisiana appellate cases cited by the Magistrate, as those defendants "were sentenced to much less time and were accused of stealing much more money."[45] Petitioner notes that he has no prior criminal record and could make restitution if released.[46]

Petitioner asserts that "[a] sixty year sentence, on a first offense, for six counts of theft, constitutes 'cruel and unusual punishment' in violation of the Eighth and Fourteenth Amendments."[47] Petitioner notes that a 60 year sentence "amounts to a death sentence for a man of his age."[48] According to Petitioner, the Supreme Court has established criteria for determining whether a sentence is excessive: "(1) [t]he sentence makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeful and needless imposition of pain and suffering; and (2) [i]s grossly out of proportion to the severity of the crime."[49] He avers that the sentence "was clearly designed to inflict needless pain and suffering."[50]

---

[42] Rec. Doc. 18.

[43] *Id.* at 1.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 2.

[47] *Id.* at 3.

[48] *Id.*

[49] *Id.* at 3–4 (citing *Gregg v. Georgia*, 428 U.S. 153 (1976); *State v. Kennedy*, 957 So. 2d 757 (La. 2007)).

[50] *Id.* at 4.

Petitioner notes that he will be eligible for parole in 20 years.[51] However, he argues that the sentence is effectively a life sentence because after 20 years imprisonment, it is "statistically [likely that he] will die in prison."[52]

Petitioner notes that all grounds for relief raised in this petition have been presented in the highest state court.[53] He also notes that he has not previously filed any petition in federal court, with the exception of a writ of certiorari filed with the United States Supreme Court.[54] Finally, Petitioner asserts that his petition is timely because his conviction became final on October 1, 2012, and he filed an application for post-conviction relief in state court on March 3, 2013.[55]

**B.**   ***State's Opposition***

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

**A.**   ***Review of the Magistrate Judge's Report and Recommendation***

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[56] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[51] *Id.*

[52] *Id.*

[53] *Id.* at 5.

[54] *Id.*

[55] *Id.* at 5–6.

[56] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[57] A district court's review is limited to plain error for parts of the report which are not properly objected to.[58]

## B.    *Standard of Review Under the AEDPA*

Following the enactment of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[59] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[60] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[61]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[62]

---

[57] Fed. R. Civ. P. 72(b)(3).

[58] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[59] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[60] 28 U.S.C. § 2254(d)(2).

[61] 28 U.S.C. § 2254(d)(1).

[62] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[63] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[64]

## IV. Law and Analysis

Petitioner objects to the Magistrate Judge's conclusion that his sentences are not excessive.[65] He argues that his sentences are excessive because he was sentenced to 60 years imprisonment on his first offense theft charges.[66] Petitioner notes that he is 63 years old, the father of two small children, and he could make restitution if released.[67] Because Petitioner objects to the Magistrate's recommendation, the Court reviews this issue *de novo*.

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual."[68] This Court must "initially make a threshold comparison of the gravity of [the defendant's] offenses against the severity of [the defendant's] sentence."[69] If the sentence is not grossly disproportionate to the crime, the inquiry is finished.[70] However, if the Court infers from this comparison "that the sentence is grossly

---

[63] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[64] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[65] Rec. Doc. 18 at 1.

[66] *Id.*

[67] *Id.* at 1–2.

[68] *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (citations and quotation marks omitted).

[69] *Id.* at 316.

[70] *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997).

disproportionate to the offense," then it must "compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions."[71] "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law."[72] The Fifth Circuit has "recognized, following guidance from the Supreme Court, that successful Eighth Amendment challenges to prison-term lengths will be rare."[73]

Here, Petitioner pleaded guilty to six counts of theft in excess of $500 in violation of Louisiana Revised Statute § 14:67.[74] The trial court sentenced Petitioner to 10 years imprisonment as to each count to be served consecutively.[75] The Louisiana Supreme Court was the last state court to issue a reasoned opinion on Petitioner's sentence. The Louisiana Supreme Court upheld the sentence finding that the trial court "justified its decision to consider [Petitioner] an exceptional risk to public safety for whom consecutive sentences are appropriate because he had preyed systematically on distressed homeowners attempting to rebuild their lives in the aftermath of Hurricane Katrina."[76] The Louisiana Supreme Court also noted that at the time of sentencing, five additional theft charges were pending against Petitioner in Jefferson Parish.[77] Accordingly, the

---

[71] *McGruder*, 954 F.2d at 316.

[72] *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987) (citations omitted).

[73] *United States v. Hebert*, 813 F.3d 551, 566 (quoting *United States v. Harris*, 566 F.3d 422, 436 (5th Cir. 2009)).

[74] State Rec., Vol. I of V, Indictment, June 24, 2009.

[75] State Rec., Vol. I of V, Sentencing Minutes, February 12, 2010.

[76] *State v. Colvin*, 2011-K-1040 (La. 3/13/12); 85 So. 3d 663, 668.

[77] *Id.* at 669.

Louisiana Supreme Court found no abuse of the trial court's "broad sentencing discretion."[78] On federal habeas review, this Court can only disturb the Louisiana Supreme Court's determination if it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[79] Accordingly, the Court looks to the Supreme Court's decisions on excessive sentences in non-capital cases involving adult offenders.

In *Rummel v. Estelle*, the Supreme Court upheld a sentence of life imprisonment with the possibility of parole for the defendant's third nonviolent felony conviction for the crime of obtaining $120.75 by false pretenses.[80] The Court found that "because parole is 'an established variation on imprisonment of convicted criminals,' a proper assessment of Texas' treatment of [the defendant] could hardly ignore the possibility that he will not actually be imprisoned for the rest of his life." [81] The Court opined that the State of Texas had an interest "in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." [82] The Court concluded that "the length of the sentence actually imposed is purely a matter of legislative prerogative." [83] Accordingly, the Court held that the sentence did not constitute cruel and unusual punishment. [84]

Following its decision in *Rummel*, the Supreme Court upheld a sentence of 20 years imprisonment for possession of marijuana with intent to distribute and 20 years imprisonment for

---

[78] *Id.*

[79] 28 U.S.C. § 2254(d)(1).

[80] 445 U.S. 263, 265 (1980). The defendant had previously been convicted of fraudulent use of a credit card to obtain $80 worth of goods and services and passing a forged check in the amount of $28.36. *Id.*

[81] *Id.* at 280–81 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972)).

[82] *Id.* at 276.

[83] *Id.* at 274.

[84] *Id.* at 285.

distribution of marijuana, with the prison terms running consecutively.[85] The Court stated that "*Rummel* stands for the proposition that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare."[86] Accordingly, the Supreme Court found that the Fourth Circuit Court of Appeals erred in affirming the district court's order granting a writ of *habeas corpus*.[87]

*Solem v. Helm* is the only case involving an adult defendant in which the Supreme Court has found that a lengthy prison term violated the Eighth Amendment.[88] There, the defendant was sentenced to life imprisonment without the possibility of parole for issuing a "no account" check for $100.[89] The conviction was the defendant's seventh nonviolent felony conviction.[90] The Court noted that while "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals," no penalty is per se constitutional.[91] The *Solem* Court distinguished the case from *Rummel*, where the defendant was eligible for parole within 12 years, noting that this fact was heavily relied on by the Court.[92] The Court found that the sentence was significantly disproportionate to the crime,

---

[85] *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam).

[86] *Id.* at 374 (citations and quotation marks omitted).

[87] *Id.*

[88] 463 U.S. 277 (1983).

[89] *Id.* at 281–82.

[90] *Id.* at 280.

[91] *Id.* at 290.

[92] *Id.* at 297.

reasoning that the criminal conduct was relatively minor, the defendant was treated more harshly than other criminals in the state who were convicted of more serious crimes, and the defendant was treated more harshly than he would have been in any other jurisdiction.[93]

The Supreme Court has rejected proportionality claims in other cases following *Solem*. In *Harmelin v. Michigan*, the Court, in a 5-4 plurality opinion, upheld a sentence of life imprisonment without the possibility of parole for the defendant's first felony conviction of possession of 372 grams of cocaine.[94] The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are grossly disproportionate to the crime."[95] In *Ewing v. California*, the Supreme Court, in a 5-4 plurality opinion, rejected a challenge to a sentence range of 25 years to life for the theft of three golf clubs under California's "three strikes" recidivist statute.[96]

Finally, in *Lockyer v. Andrade*, the Supreme Court, in a 5-4 opinion, found that the Ninth Circuit erred in determining that two consecutive sentence ranges of 25 years to life imprisonment for "third strike" convictions of stealing videotapes valued at $84.60 and $68.84 respectively were not contrary to, or an unreasonable application of, clearly established federal law.[97] The Court noted that the term "clearly established federal law" under § 2254(d)(1) refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its

---

[93] *Id.* at 303.

[94] 501 U.S. 957 (1991).

[95] *Id.* at 997, 1000–1001 (Kennedy, J., concurring in part and concurring in judgment).

[96] *Ewing v. California*, 538 U.S. 11 (2003).

[97] *Lockyer v. Andrade*, 538 U.S. 63 (2003).

decision."[98] The Court opined that this was a difficult task in excessive sentence claims because its "precedents in this area have not been a model of clarity."[99] The Court found that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years," but that the "precise contours" of the gross disproportionality principle are "unclear, applicable only in the 'exceedingly rare' and 'extreme' case."[100] The Court stated that a state court decision is "'contrary to [] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"[101]

Because the petitioner's sentence in *Lockyear* implicated factors relevant in both *Rummel* and *Solem* and because *Solem* stated that it did not overrule *Rummel*, the Supreme Court held that the state court's denial of relief was not contrary to clearly established federal law.[102] Turning to the unreasonable application clause, the Court stated that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle for [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case."[103] The Court explained that a federal habeas court may not issue a writ of habeas corpus simply because it concludes in its independent judgment that the state court decision applied federal law erroneously

---

[98] *Id.* at 71–72 (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *Bell v. Cone*, 535 U.S. 685, 698 (2002)).

[99] *Id.* at 72.

[100] *Id.* at 72–73.

[101] *Id.* at 73 (quoting *Williams*, 529 U.S. at 405–06)).

[102] *Id.* at 74.

[103] *Id.* at 75.

or incorrectly; instead, the application of federal law must be objectively unreasonable.[104] Because "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," the Supreme Court found that it was not an unreasonable application of clearly established federal law for the California courts to affirm the petitioner's sentence of two consecutive terms of 25 years to life in prison.[105]

In the instant case, Petitioner pleaded guilty to six counts of theft in excess of $500 in violation of Louisiana Revised Statute § 14:67.[106] The trial court sentenced Petitioner to 10 years imprisonment as to each count to be served consecutively.[107] At the time of Petitioner's sentencing, Louisiana Revised Statute § 14:67 provided for a term of imprisonment, with or without hard labor, of not more than 10 years, or a fine of not more than $3,000.00, or both.[108] Louisiana law allows a sentencing court to order that sentences be served consecutively.[109] Accordingly, the sentence was within the statutory range, albeit at the top of that range. When a sentence is within the statutory limits prescribed by state law, a petitioner "must show that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in an improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[110]

---

[104] *Id.* at 75–76.

[105] *Id.* at 77.

[106] State Rec., Vol. I of V, Indictment, June 24, 2009.

[107] State Rec., Vol. I of V, Sentencing Minutes, Feb. 12, 2010.

[108] La. Rev. Stat. § 14:67(B)(1) (West 2006-2010).

[109] *See* La. Code Crim. Proc. art. 883 ("If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.").

[110] *Haynes*, 825 F.2d at 924.

Petitioner avers that the sentence "was clearly designed to inflict needless pain and suffering."[111] The state trial court stated that it found Petitioner's conduct "predatory and deeply offensive."[112] Both the state trial court and the Louisiana Supreme Court found that the extent to which Petitioner "accepted responsibility for the victims['] losses and the degree to which he was committed to making restitution by entering his guilty pleas . . . [was] open to considerable doubt."[113] Moreover, the state courts found that Petitioner was an exceptional risk to public safety, as he had preyed systematically on distressed homeowners following Hurricane Katrina. The combined losses for the offenses amounted to over $240,000.00, including government funds obtained through the Road Home Program.[114] Therefore, Petitioner's contention that the sentence was designed to inflict needless pain is without merit because the state courts provided reasons to support the conclusion that the sentence imposed was warranted by the gravity of the offenses.

Petitioner contends that the sentence is effectively a life sentence because although he is parole eligible after 20 years, it is "statistically [likely that he] will die in prison."[115] In *United States v. Looney*, the Fifth Circuit upheld on direct appeal a sentence of 546 months, or approximately 45 years, imprisonment that was imposed on a 50-year-old first offender for conspiracy and possession of methamphetamine with intent to distribute and for possessing firearms in furtherance of drug-trafficking crimes.[116] The Fifth Circuit recognized that "while a life sentence for a crime involving no actual violence might be considered a disproportionate

---

[111] Rec. Doc. 18 at 4.

[112] *State v. Colvin*, 2011-K-1040 (La. 3/13/12); 85 So. 3d 663, 666.

[113] *Id.* at 668.

[114] *Id.* at 664.

[115] Rec. Doc. 18 at 4.

[116] *United States v. Looney*, 532 F.3d 392, 393, 396–97 (5th Cir. 2008).

punishment, it is not 'grossly disproportionate' as that term is understood under current law."[117] Unlike in *Looney*, where the defendant would not have been parole eligible under federal law,[118] Petitioner will be eligible for parole after 20 years imprisonment.[119] Therefore, while the sentence imposed here may appear harsh for someone who has no previous conviction of any sort, it is within the statutory range prescribed by Louisiana law and the Louisiana courts found that the sentence was warranted given the severity of the offenses. Accordingly, considering the wide discretion that is accorded a state trial court's sentencing decision, relief is not warranted because Petitioner has not shown that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law.[120]

Moreover, in *Solem v. Helem*, the only case involving an adult defendant where the Supreme Court found that a lengthy prison term violated the Eighth Amendment, the Supreme Court relied heavily on the fact that the defendant was sentenced to life imprisonment *without* the possibility of parole in determining that the sentence was significantly disproportionate to the crime.[121] This case is distinguishable from *Solem* because Petitioner is parole eligible. Furthermore, after *Solem* was decided, the Supreme Court affirmed a sentence of life imprisonment without the possibility of parole on a first offense felony conviction for possession of cocaine.[122] As noted above and even considering the significant harm to the victims of Petitioner's crimes, a

---

[117] *Id.* at 396 (citing *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997)).

[118] The Sentencing Reform Act of 1984 abolished federal parole for persons convicted under federal law after November 1, 1987. *Lightsey v. Kastner*, 846 F.2d 329, 331–32 (5th Cir. 1988).

[119] Rec. Doc. 18 at 4.

[120] *Haynes*, 825 F.2d at 923–24.

[121] *Solem*, 463 U.S. at 297, 303.

[122] *Harmelin*, 501 U.S. at 957.

18

combined sentence totaling up to 60 years imprisonment for a first-time, non-violent offender strikes the Court as harsh. Nevertheless, Petitioner will be eligible for parole after 20 years of imprisonment. Accordingly, Petitioner has not shown that the sentences imposed were grossly disproportionate to the offenses under clearly established Supreme Court law.

Because Petitioner has not established a gross disproportionality between the sentences imposed and the offenses, further scrutiny is not warranted.[123] However, even comparing the sentence received to sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions, relief would not be warranted.[124] Louisiana appellate courts have approved the imposition of the maximum ten year sentence in other felony theft cases,[125] even in cases involving first offenders.[126] In *State v. Ferguson*, the Louisiana Fourth Circuit upheld a sentence totaling 21.5 years imprisonment.[127] There, the defendant was convicted of 15 counts of theft of property and one count of misapplication of funds by a contractor.[128] The Louisiana Fourth

---

[123] *See Gonzales*, 121 F.3d at 942.

[124] *McGruder*, 954 F.2d at 316.

[125] *State v. Miller*, 50-410 (La. App. 2 Cir. 2/24/16); 1894 So. 3d 1160 (upholding a 10-year sentence for one count of felony theft imposed on a young, college-educated man who had been convicted of two prior felony offenses and stole $63,534.95 in merchandise from his former employer); *State v. Gedric*, 96-2262 (La. App. 1 Cir. 9/23/97); 700 (finding that the maximum sentence of ten years at hard labor was not excessive for a sixth felony offender who stole over $4,400 in cash); *State v. LeBlanc*, 578 So.2d 1036 (La. App. 3 Cir. 1991) (upholding a ten-year sentence at hard labor for the defendant who committed theft of approximately $120,000.00, noting that the presentence investigation report established that defendant had a lengthy criminal record involving theft and issuance of worthless checks); *State v. Madison*, 535 So. 2d 1024 (La. App. 2 Cir. 1988) (upholding a sentence of ten years imprisonment where the defendant had an extensive record of repetitive conduct of stealing and shoplifting and had not responded to previous correctional treatment); *State v. Morris*, 525 So.2d 1247 (La. App. 1 Cir. 1988) (finding that the maximum sentence of ten years imprisonment at hard labor was not excessive for the defendant who was convicted of felony theft, noting that defendant had a lengthy criminal record).

[126] *State v. Daigle*, 96-782 (La. App. 5 Cir. 1/28/97); 688 So. 2d 158 (finding that a sentence of ten years at hard labor was not excessive for a corporate accountant who embezzled an estimated $600,000.00 over a ten-year period, even though defendant had no prior felony convictions and made partial restitution to the victims).

[127] *State v. Ferguson*, 10-199 (La. App. 4 Cir. 6/30/10); 43 So. 3d 291.

[128] *Id.* at 293.

Circuit found that the sentence was not excessive considering that the defendant had taken advantage of hurricane victims by taking the victims' money and then failing to complete the work or completing the work in a substandard fashion.[129] Therefore, Petitioner's sentence is not out of line with other sentences imposed in Louisiana for the same crime. Moreover, Petitioner's sentence is also not entirely inconsistent with sentences imposed for the same crime in other jurisdictions.[130] Petitioner has not demonstrated that his sentence was disproportionate to his offense, unconstitutionally excessive, or otherwise unconstitutional under the circumstances. Accordingly, on *de novo* review, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

## V. Conclusion

For the reasons stated above, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

---

[129] *Id.* at 296.

[130] *See State v. Schmidt*, 825 N.W.2d 889 (S.D. 2012) (sentence of ten years imprisonment on nine counts of grand theft, to run concurrent, and ten years imprisonment on count ten for grand theft, to run consecutive to the other counts, did not constitute cruel and unusual punishment where the defendant embezzled money from her employer for six years, the employer's daughter testified that her mother was forced to sell most of her property due to the loss, IRS liens were placed against the employer, and the defendant had a prior criminal history and a prior conviction for grand theft); *State v. Kahapea*, 141 P.3d 440 (Haw. 2006) (imposition of five consecutive terms of imprisonment of ten years each upon defendant on his convictions for first-degree theft did not constitute cruel and unusual punishment, as sentence was not so disproportionate to defendant's crimes "nor of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community, in light of developing concepts of decency and fairness"); *Brown v State,* 640 S.W.2d 275 (Tex. Crim. App. 1982) (sentence of life imprisonment imposed upon a defendant convicted of offense of theft of personal property valued at more than $200 but less than $10,000 was not cruel and unusual considering the defendant's two prior felony convictions); *State v. Pettay*, 532 P.2d 1289 (Kan. 1975) (nine-to-30-year sentence imposed on defendant, who had two prior felony convictions, for his conviction of felony theft was within permissible limits of applicable statutes and was not erroneous).

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner John W. Colvin's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this  21st  day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**